Filed 4/12/13  P. v. Larson CA2/2
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERT ERIC LARSON,<br><br>    Defendant and Appellant. | B240727<br><br>(Los Angeles County<br>Super. Ct. No. KA096519) |

THE COURT:[*]

Defendant and appellant Robert Eric Larson (defendant) appeals from his assault conviction.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues and requesting a court review of the record.  On November 21, 2012, we notified defendant of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to have considered.  That time has elapsed, and defendant has submitted no brief or letter.  We have reviewed the entire record and finding no error, we affirm the judgment.

After a preliminary hearing, defendant was charged with one count of assault on Richard Altvater (Altvater) by means likely to produce great bodily injury, in violation of

---

[*]    BOREN, P.J., ASHMANN-GERST, J., CHAVEZ, J.

Penal Code section 245, subdivision (a)(4).[1]  The information also alleged that in the commission of the offense, defendant inflicted great bodily injury on the victim, within the meaning of section 12022.7, subdivision (a).  In addition, the information alleged for purposes of section 667, subdivision (a)(1), and the "Three Strikes" law,[2] that defendant had suffered a prior conviction of a serious or violent felony.

The prosecution's evidence showed that defendant approached Altvater as he sat on a curb, and then punched him in the face and kicked him, causing multiple fractures of the nose and cheekbones, as well as minor bruises and lacerations on his face and body.  A witness saw the attack and called 911.[3]  When the police detained defendant shortly afterward he had blood on his hands and clothing.

Defendant testified and was impeached with his prior felony assault conviction.  He testified that he knew Altvater.  Both were homeless and the incident occurred in an area where homeless people congregated.  Altvater was disabled, drank a great deal, and had trouble walking.  Defendant claimed that Altvater had fallen several times onto the concrete that night, which caused him to have a bloody nose.  He also had fallen into some nearby bushes.  Defendant claimed that it was when he helped Altvater get up to urinate, that defendant got blood on himself from Altvater's bloody nose.  Defendant denied kicking or hitting Altvater and claimed that his injuries were caused by his several falls.

The jury convicted defendant as charged, and found true the allegation that Altvater suffered great bodily injury.  On April 19, 2012, defendant admitted his prior convictions and the trial court sentenced him to a total of 14 years in prison.  Defendant's

---

[1]    All further statutory references are to the Penal Code unless indicated otherwise.

[2]    See sections 1170.12, subdivisions (a) through (d), and 667, subdivisions (b) through (i).

[3]    The eyewitness testified at trial, and Altvater's preliminary hearing testimony was read to the jury, as Altvater had died of unrelated causes prior to trial.

sentence was comprised of the middle term of three years, doubled as a second strike, plus a consecutive five-year enhancement pursuant to section 667, subdivision (a)(1), and a consecutive three-year term due to the infliction of great bodily injury. The court awarded defendant 126 days of custody credit, ordered him to pay mandatory fines and fees, and to provide a DNA sample, as well as palm and thumb prints. Defendant filed a timely notice of appeal.

We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.